# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs May 26, 2010

## STATE OF TENNESSEE v. MARK FREDERIC TAYLOR

**Direct Appeal from the Circuit Court for Sullivan County**
**Nos. S50727, S50151     R. Jerry Beck, Judge**

---

**No. E2009-01380-CCA-R3-CD - Filed December 30, 2010**

---

The appellant, Mark Frederic Taylor, was convicted of two counts of attempt to obtain a controlled substance by fraud and one count of fraudulently obtaining benefits for medical assistance, and he received a total effective sentence of fourteen years, eight years of which was to be served on probation. Subsequently, the trial court found that the appellant violated his probationary sentence by receiving new convictions. Therefore, the trial court revoked the appellant's probation and ordered him to serve his entire sentence in confinement. On appeal, the appellant contests the revocation and the imposition of an incarcerative sentence. Upon review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Joseph F. Harrison, Blountville, Tennessee, for the appellant, Mark Frederic Taylor.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; H. Greeley Wells, Jr., District Attorney General; and Joseph Eugene Perrin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### I. Factual Background

On direct appeal, this court summarized the procedural history of this case as follows:

[On January 26, 2007, the appellant, a Range III persistent offender,] pled guilty to one count of attempt to obtain a controlled substance by fraud in case number S50,151 in exchange for an eight year sentence to be served on probation. He also pled guilty to one count of attempt to obtain a controlled substance by fraud and one count of fraudulently obtaining benefits for medical assistance in case number S50,727. For the controlled substance conviction [in case number S50,727], he received an eight year sentence to be served on probation concurrently with the sentence in case number S50,151. For the medical assistance conviction [in case number S50,727], the agreed sentence was six years, [to which the two eight-year sentences were to run consecutively], with the manner of service [of the six-year sentence] to be determined by the trial court. After a sentencing hearing, the trial court ordered the [appellant] to serve his six year sentence in the Department of Correction.

State v. Mark Fredrick Taylor, No. E2007-02351-CCA-R3-CD, 2008 WL 2670180, at *1 (Tenn. Crim. App. at Knoxville, July 9, 2008). The appellant's judgments of conviction were entered on September 20, 2007. The appellant appealed the trial court's ruling regarding the manner of service of his six-year sentence. While the appeal of his six-year sentence was pending, the appellant was released on bond. On appeal, this court affirmed the trial court's judgment. See id.

Subsequently, on March 26, 2009, a probation revocation warrant was filed against the appellant, alleging that while his appeal was pending, he violated the conditions of his probation by incurring new charges for domestic assault and driving on a suspended license. At the revocation hearing, the State submitted certified copies of convictions, showing the appellant pled guilty to the new charges. The affidavit of complaint on the domestic violence charge, which was also submitted as an exhibit, reflected that during an argument between the appellant and his wife, he grabbed her "around the neck and struck her on the leg with a curtain rod." The appellant's driving on a suspended license conviction resulted from a police officer's pulling over the appellant at 8:00 p.m. for failing to give a turn signal and discovering that the appellant's license was suspended.

Additionally, the State submitted the appellant's presentence report to show the appellant's extensive criminal history, which in Tennessee included multiple convictions of driving on a suspended, cancelled, or revoked license; traffic offenses; criminal trespass; resisting arrest; leaving the scene of an accident; burglary; and theft. Additionally, the appellant had prior convictions of shoplifting, reckless driving, drug-related offenses, and

public intoxication. The appellant also had prior convictions in Virginia for grand larceny, breaking and entering, and destruction of property. The presentence report further reflected that the appellant had previously received probationary sentences, which had been revoked.

The parties stipulated that the appellant's wife, the victim of the domestic violence offense, would testify that the appellant was "a good husband, a good provider, and that after this incident they had no problems further."

The appellant testified at the revocation hearing that when he was charged with driving on a suspended license, he was on his way to jail to turn himself in after his appeal was denied.

The appellant testified that he was unaware of the rules of probation because he had not yet met with his probation officer or been furnished a copy of the rules of probation. The appellant stated that he could not read or write and that he was self-employed hauling cars "to the crusher." He said that he took care of his twenty-two-month-old great niece who had "changed [his] life." The appellant maintained that if the trial court again granted him probation, he would abide by all of the rules of his conditional release. On cross-examination, the appellant acknowledged that he had seven prior convictions for driving on a suspended license. He conceded that he had previously been placed on probation and that he understood conforming with the law was a condition of probation.

The trial court was first concerned that it did not have jurisdiction to revoke the appellant's probation because his appeal was pending at the time he incurred the new convictions and had not started serving his probationary sentence. However, upon review the court correctly determined that revocation of probation was proper and ordered the appellant to serve his concurrent eight-year sentences in confinement. On appeal, the appellant contests the trial court's revocation of his probation due to new charges being incurred before the probationary period began and the trial court's order that he serve his original sentences in confinement.

## II. Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the

trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

In State v. Stubblefield, 953 S.W.2d 223, 225 (Tenn. Crim. App. 1997), this court explained:

> [Tennessee Code Annotated section 40-35-331(a)] grants a trial court authority to begin revocation proceedings whenever the breach of law comes to the attention of the trial court. It does not specify that trial courts are to consider criminal acts that only occur after the imposition of a suspended sentence. Under the statute, a trial court's authority to revoke a defendant's suspended sentence is triggered by its learning of the defendant's other criminal conduct. . . . [R]evoking probation based upon criminal acts a defendant committed before being placed on probation does not implicate . . . due process concerns because, unlike other conditions of probation that may be imposed, the defendant is deemed to have notice that his or her conduct must conform to the requirements of the law from the time of the law's enactment.

The appellant argues that the holding of Stubblefield is too broad and is not reasonable. Essentially, the appellant asks this court to overrule Stubblefield. However, we see no reason to do so. Accordingly, we conclude the trial court had the jurisdiction to revoke the appellant's probation for conduct which occurred prior to the start of the probationary term.

In the alternative, the appellant asserts that the trial court abused its discretion in ordering him to serve his sentence in confinement. However, it was within the trial court's authority to order the appellant to serve his original sentence upon revoking the appellant's probation. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Moreover, "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. at Nashville, Feb. 10, 1999); see also State v. Timothy A. Johnson, No. M2001-01362- CCA-R3-CD, 2002 WL 242351, at *2 (Tenn. Crim. App. at Nashville, Feb. 11, 2002). Accordingly, we conclude that the trial court did not abuse its discretion in revoking the appellant's probation and ordering him to serve his sentences in confinement.

### III.  Conclusion

Based upon the foregoing, we affirm the judgments of the trial court.

_____
NORMA McGEE OGLE, JUDGE